**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
In re:                                  : Chapter 11
                                        :
RADNOR HOLDINGS CORPORATION, et al.,    : Case No. 06-10894 (KG)
                                        :
         Debtors.                       : Jointly Administered
                                        :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
RADNOR HOLDINGS CORPORATION             :
                                        :
         and                            :
                                        :
MICHAEL T. KENNEDY, MTK TRUST FBO       :
RYAN M. KENNEDY, MTK TRUST FBO          :
SEAN M. KENNEDY, MTK TRUST FBO          :
MICHAELA C. KENNEDY, MTK TRUST FBO      :
CONOR R. KENNEDY,                       :
                                        :
         Plaintiffs,                    :
                                        :
      v.                                :
                                        : Adv. No. 12-51308 (KG)
SKADDEN ARPS MEAGER & FLOM LLP, SK      : Adversary Case
PRIVATE INVESTMENT FUND 1998 LLC,       :
RICHARD T. PRINS ESQUIRE, GREGORY M.    :
GALARDI ESQUIRE, TENNENBAUM & CO.       : Jury Trial Demanded
LLC, TENNENBAUM CAPITAL PARTNERS        :
LLC, BABSON & CO. LLC, SPECIAL VALUE    :
EXPANSION FUND LLC, SPECIAL VALUE       :
OPPORTUNITIES FUND LLC, MICHAEL E.      :
TENNENBAUM, SUSAN S. TENNENBAUM,        :
DAVID A. HOLLANDER, MARK K.             :
HOLDSWORTH, HOWARD M. LEVKOWITZ,        :
RICHARD E. SPENCER, JOSE FELICIANO,     :
ALVEREZ AND MARSEL LLC and STANLEY      :
M. SPRINGEL,                            :
                                        :
         Defendants.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## NOTICE OF APPEAL

Michael T. Kennedy appeals under 28 U.S.C. § 158(a) from the Memorandum Opinion and Order Dismissing the Adversary Complaint against Skadden, Arps, Slate, Meagher & Flomm LLP, et. al., Tennenbaum Capital Partners LLC, et. al. as set forth in the above-captioned complaint, (D.I. 121) of the Honorable Kevin Gross dated April 22, 2016, (copy attached as Exhibit "A"). The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

David Stratton, Esquire
Pepper Hamilton LLP
Hercules Plaza, Suite 500
P.O. Box 1709
Wilmington, DE 19899
(302) 777-6566
Attorney for Skadden, Arps, Slate, Meagher & Flomm LLP, et. al.

Russell C. Silberglied, Esquire
Richard Layton & Finger LLP
One Rodney Square
Wilmington, DE 19801
302-651-7545
Attorney for Tennenbaum Capital Partners LLC, et al.

Peter J. Keane
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
302-652-4100
Attorney for Alvarez and Marsel LLC, et al.

_____
Michael T. Kennedy, *Pro Se*
Radnor Holdings Corporation, et. al.
Plaintiffs
Three Westlakes Center
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
610-995-9200

Dated: May 5, 2016

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Case No. 06-10894(KG) |
| ) | (Jointly Administered) |
| RADNOR HOLDINGS CORPORATION, *et al.*, ) | |
| ) | |
| Debtors, ) | |
| MICHAEL T. KENNEDY, MTK TRUST ) | |
| FBO RYAN KENNEDY, MTK TRUST FBO SEAN M. ) | |
| KENNEDY, MTK TRUST FBO MICHAELA ) | |
| C. KENNEDY, MTK TRUST FBO ) | |
| CONNOR R. KENNEDY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adv. No. 12-51308(KG) |
| ) | |
| SKADDEN ARPS MEAGER & FLOM LLP; ) | |
| SK PRIVATE INVESTMENT FUND 1998 LLC; ) | |
| RICHARD T. PRINS, ESQUIRE; GREGG M. ) | |
| GALARDI, ESQUIRE; TENNENBAUM & CO. LLC; ) | |
| TENNENBAUM CAPITAL PARTNERS, LLC; ) | |
| BABSON & CO. LLC; SPECIAL VALUE ) | |
| EXPANSION FUND, LLC; SPECIAL VALUE ) | |
| OPPORTUNITIES FUND, LLC; MICHAEL E. ) | |
| TENNENBAUM; SUZANNE S. TENNENBAUM; ) | |
| DAVID A. HOLLANDER; MARK K. ) | |
| HOLDSWORTH; HOWARD M. LEVKOWITZ; ) | |
| RICHARD E. SPENCER; JOSE FELICIANO; ) | |
| ALVEREZ & MARSAL, INC. and STANFORD ) | |
| M. SPRINGEL, ) | |
| ) | |
| Defendants. ) | **Re: D.I. Nos. 29, 33, 110 & 112** |

## **MEMORANDUM OPINION[1]**

---

[1] This Opinion constitutes the findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

This Memorandum Opinion addresses the motions to dismiss the Complaint[2] which the Skadden Defendants[3] and the Tennenbaum Defendants[4] filed to the Complaint filed by Michael T. Kennedy ("Kennedy").[5] The bankruptcy case dates back to 2006 and there have been many hearings and opinions since then. These rulings most importantly and relevantly include:

1.     The Skadden Retention Order, dated September 21, 2006, authorizing the Debtors to employ Skadden as their counsel. D.I. 246.

2.     Evidentiary hearing on Skadden's Final Fee Application and Kennedy's objection, held on May 1 and 2, 2013, in which the Court granted Skadden's fees in their entirety and overruled Kennedy's objection in all respects. See Memorandum Opinion and Order Regarding the Objection of Michael T. Kennedy to the Final Fee Application of Skadden (the "Fee Opinion and Order"), D.I. 2076, reported at 2013 WL 3228116 (Bankr. D. Del. June 30, 2013).

3.     Appeal of the Fee Opinion and Order to the District Court. The District Court affirmed on August 13, 2014. Case No. 13-01398-SLR, D.D.I. 22. The decision is reported at 528 B.R. 245 (D. Del 2014).

---

[2] The Court's reference to "the Complaint" is to the Amended Complaint filed on February 26, 2013. Adv. D.I. 6. The original Complaint dates back to December 26, 2012. Adv. D.I. 1.

[3] The Skadden Defendants include defendants Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), Richard T. Prins. Gregg M. Galardi and SK Private Investment Fund 1998 LLC.

[4] The Tennenbaum Defendants include defendants Tennenbaum Capital Partners, LLC, Tennenbaum & Co. LLC, Special Value Expansion Fund, LLC, Special Value Opportunities Fund, LLC, Babson & Co. LLC, Michael E. Tennenbaum, Suzanne S. Tennenbaum, David A. Hollander, Mark K. Holdsworth, Howard M. Levkowitz, Richard E. Spencer and José Feliciano.

[5] The other plaintiffs have not responded to the motions to dismiss. Kennedy, a *pro se*, non-lawyer, cannot represent the trusts. *Marin v. Leslie*, 337 F. App'x 217, 219-20 (3d Cir. 2009).

4. Decision by the Court on Kennedy's motion to vacate the Fee Opinion and Order which the Court denied. See Memorandum Order, dated March 18, 2015. D.I. 2151.

5. Decision by the Third Circuit Court of Appeals on Kennedy's appeal of the District Court's Opinion, in which the Third Circuit affirmed the District Court Opinion and the Court's Fee Opinion and Order. The decision is reported at 629 Fed. App'x. 277 (3d Cir. 2015). Thereafter, the Third Circuit denied Kennedy's petition for rehearing.

In the Complaint, Kennedy generally alleges that:

1. The Tennenbaum Defendants were an important Skadden client. Complaint, ¶ 37, 226.

2. The Skadden Defendants did not disclose the relationship with Tennenbaum to Kennedy, Radnor's Board of Directors or the Court. Complaint, ¶ 100, 107-109, 116, 144, 218, 239, 281.

3. The Tennenbaum Defendants directed Radnor to the Skadden Defendants. Complaint ¶ 112.

4. The Tennenbaum Defendants and the Skadden Defendants conspired to achieve the Tennenbaum Defendants' goals in the bankruptcy cases. Complaint, ¶ 202, 219, 228, 230, 247, 281.

5. The Skadden Defendants represented the Tennenbaum Defendants' interests in the bankruptcy cases. Complaint, ¶ 164, 281.

6. The Skadden Defendants orchestrated a sale of Radnor's assets to the Tennenbaum Defendants. Complaint, ¶ 156, 169.

3

7.  The Skadden Defendants thwarted Kennedy's and Radnor's efforts to reorganize Radnor. Complaint, ¶ 137, 152, 153, 154, 166, 171, 183, 185, 216, 281.

## FACTS

The facts of the case and the Court's findings are contained in the Court's Fee Opinion and Order. In summary, Kennedy is the Debtors' former Chief Executive Officer. He has been involved in the litigation arising from Tennenbaum's purchase of Debtors' assets, the loss of his equity interest in Debtors and the judgment Tennenbaum obtained against Kennedy on Kennedy's personal guarantee. The Court will not repeat the facts except as they are relevant to the Court's findings, and the Court refers to the Fee Opinion and Order, 2013 WL 3228116.

The Court's findings of fact and conclusions of law in the Fee Opinion and Order are highly relevant to this Memorandum Opinion. The Court heard evidence and found that:

1.  The Skadden Defendants did not misrepresent their relationship with the Tennenbaum Defendants to the Court. Fee Opinion and Order, ¶ 11.

2.  The Skadden Defendants disclosed their relationship with the Tennenbaum Defendants to Kennedy, Debtors, Debtors' Board of Directors and Debtors' general counsel. *Id.*, ¶ 12.

3.  There was no basis for the allegation that the Tennenbaum Defendants chose the Skadden Defendants to represent Debtors. *Id.*, ¶ 18.

4.  The Tennenbaum Defendants opposed hiring Skadden. *Id.*, ¶ 18.

4

5. There was no basis for Kennedy's allegation that there was an understanding between the Skadden Defendants and the Tennenbaum Defendants that Skadden would not litigate claims against Tennenbaum. *Id.*, ¶ 23.

6. Skadden did not represent Tennenbaum in the bankruptcy cases. *Id.*, ¶ 26.

7. Skadden did not frustrate Debtors' efforts to restructure. *Id.*, ¶ 29.

8. The Tennenbaum Defendants did not dictate a sale of Debtors' assets. *Id.*, ¶ 32.

9. Skadden vigorously negotiated against Tennenbaum on the bid procedures *Id.*, ¶ 33.

10. The Skadden Defendants did not "collude or conspire with the Tennenbaum Defendants to orchestrate or manipulate these chapter 11 cases and the sale process for the benefit of the Tennenbaum Defendants at the expense of Debtors' creditors and equity security holders or Kennedy." *Id.*, ¶ 35.

11. Skadden did not represent Kennedy individually and did not owe him attorney-client duties. *Id.*, ¶ 38.

12. Skadden acted in good faith as Debtors' counsel and neither held nor represented any interest adverse to Debtors. Skadden was disinterested within 11 U.S.C. § 321(a). *Id.*, ¶ 50.

13. Skadden's disclosures made before its retention and in connection with its retention including disclosures regarding the Tennenbaum Defendants were "adequate and sufficient." *Id.*, ¶ 51.

14. "Skadden did not engage in malpractice, breach of fiduciary duty, fraud, conspiracy, perjury, obstruction of justice or other willful misconduct in connection with [these] chapter 11 cases." *Id.*, ¶ 52.

As previously written, the District Court and the Third Circuit agreed with the Court's findings of fact and conclusions of law.

On the Motion to Vacate, the Court held that it was the law of the case that:

1. The Skadden Retention Order determined that Skadden did not have a conflict of interest and did not fail to make adequate disclosures;

2. The Tennenbaum judgment determined that the Tennenbaum Defendants did not improperly scheme;

3. The Sale Order determined that the Tennenbaum Defendants did not conspire with Skadden to purchase Debtors; and

4. The Fee Opinion and Order "rejected all allegations of wrongdoing by and between Tennenbaum and Skadden."

Memorandum Order Denying Motion to Vacate at 11.

### DISCUSSION

The Court will grant the motions to dismiss on several grounds.

1. <u>Statutes of Limitations</u>

There are several statutes of limitations which might apply to Kennedy's claims. What is important is that all of the claims which Kennedy asserts are barred by any applicable statutes. The Court will incorporate the charts which the Skadden Defendants presented in their brief and which the Court has verified are accurate.

6

The three applicable – or potentially applicable – statutes of limitations are New York, Pennsylvania and Delaware.[6]

### NEW YORK STATUTES OF LIMITATION

| COUNT | CAUSE OF ACTION | STATUTE OF LIMITATION |
|---|---|---|
| 1 | Breach of Fiduciary Duty | **3 years** if money damages are sought; **6 years** if equitable remedy is sought. *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 272 (N.Y. 2009); *Doukas v. Ballard*, No. 9267-11, 2013 WL 2129137, at *4 (N.Y. Sup. Ct. May 1, 2013). |
| 2 | Fraud | The longer of **6 years** from the wrongful conduct or **2 years** from when the party knew, or should have discovered, the fraud. *CSAM Capital, Inc. v. Lauder*, 67 A.D.3d 149, 153 (N.Y. App. Div. 2009); *Doukas v. Ballard*, No. 9267-11, 2013 WL 2129137, at *3 (N.Y. Sup. Ct. May 1, 2103). |
| 3 | Conspiracy | The longer of **6 years** from the wrongful conduct or **2 years** from when the party knew, or should have discovered, the fraud. *Powers Mercantile Corp. v. Feinberg*, 109 A.D.2d 117, 119-21 (N.Y. App. Div. 1985). |
| 4 | Malpractice | **3 years.** *Shumsky v. Eisenstein*, 96 N.Y.2d 164, 166 (N.Y. 2001). |
| 5 | Perjury | **2 years** if misdemeanor; **5 years** if felony. *People v. Lohnes*, 76 Misc. 2d 507, 508 (N.Y. Sup. Ct. 1973). |
| 6 | Unjust Enrichment | **6 years.** *Coombs v. Jervier*, 74 A.D.3d 724, 724 (N.Y. App. Div. 2010). |
| 7 | Obstruction of Justice | **5 years.** *Morales v. United States*, 961 F. Supp. 633, 638 (S.D.N.Y. 1997). |
| 8 | Breach of Contract | **6 years.** *Chase Sci. Research v. NIA Grp.*, 96 N.Y.2d 20, 25 (N.Y. 2001); *Doukas v. Ballard*, No. 9267-11, 2013 WL 2129137, at *4 (N.Y. Sup. Ct. May 1, 2013). |
| 9 | Tortious Interference | **3 years.** *Ullmannglass v. Oneida, Ltd.*, 86 A.D.3d 827, 828 (N.Y. App. Div. 2011). |
| 10 | Theft by Deception | **3 years.** *Doukas v. Ballard*, No. 9267-11, 2013 WL 2129137, at *2 (N.Y. Sup. Ct. May 1, 2013); *Banach v. Dedalus Foundation, Inc.*, No. 600918/2009, 2012 N.Y. Misc. LEXIS 190, at *9 (N.Y. Sup. Ct. Jan. 9, 2012). |

### PENNSYLVANIA STATUTES OF LIMITATION

| COUNT | CAUSE OF ACTION | STATUTE OF LIMITATION |
|---|---|---|
| 1 | Breach of Fiduciary Duty | **2 years.** *Ravitch v. Price-Waterhouse*, 793 A.2d 939, 941 (Pa. Super. Ct. 2002). |

---

[6] Skadden's relationship with Debtors was governed by New York law in the Engagement Agreement; Debtors' headquarters were in Pennsylvania; and the cases were in Delaware.

7

| | | |
|---|---|---|
| 2 | Fraud | **2 years.** *Weston v. Northampton Personal Care, Inc.*, 62 A.3d 947, 1015 (Pa. Super. Ct. 2013); *Lesoon v. Metro. Life Ins. Co.*, 898 A.2d 620, 633 (Pa. Super. Ct. 2006). |
| 3 | Conspiracy | **2 years.** *Staiano v. Johns Manville Corp.*, 450 A.2d 681, 682-83 (Pa. Super. Ct. 1982). |
| 4 | Malpractice | **2 years** if based in tort; **4 years** if based in contract. *Steiner v. Markel*, 968 A.2d 1253, 1255 n.5 (Pa. 2009). |
| 5 | Perjury | **5 years.** *DeBlase v. Roth*, No. 95-5473, 1996 U.S. Dist. LEXIS 178, at *30 (E.D. Pa. Jan. 11, 1996). |
| 6 | Unjust Enrichment | **4 years.** *Sevast v. Kakouras*, 915 A.2d 1147, 1153 (Pa. 2007). |
| 7 | Obstruction of Justice | **5 years.** *Commonwealth v. Collins*, 957 A.2d 237, 269 (Pa. 2008). |
| 8 | Breach of Contract | **4 years.** *Steiner v. Markel*, 968 A.2d 1253, 1255 n.5 (Pa. 2009). |
| 9 | Tortious Interference | **2 years.** *Evans v. Philadelphia Newspapers, Inc.*, 601 A.2d 330, 334 (Pa. Super. Ct. 1991). |
| 10 | Theft by Deception | **5 years.** *Commonwealth v. McSloy*, 751 A.2d 666, 668 (Pa. Super. Ct. 2000). |

**DELAWARE STATUTES OF LIMITATION**

| COUNT | CAUSE OF ACTION | STATUTE OF LIMITATION |
|---|---|---|
| 1 | Breach of Fiduciary Duty | **3 years.** *Vichi v. Koninklijke Philips Electronics N.V.*, No. 2578-VCP, 2009 WL 4345724, at *15 (Del. Ch. Dec. 1, 2009) (citing 10 *Del. C.* § 8106(a)). |
| 2 | Fraud | **3 years.** *Id.* |
| 3 | Conspiracy | **3 years.** *Atlantis Plastics Corp. v. Sammons*, 558 A.2d 1062, 1064 (Del. Ch. 1989). |
| 4 | Malpractice | **3 years.** *Began v. Dixon*, 547 A.2d 620, 623 (Del. Super. Ct. 1988). |
| 5 | Perjury | **3 years** if misdemeanor; **5 years** if felony. 11 Del. C. §§ 205(b), 1221-23. |
| 6 | Unjust Enrichment | **3 years.** *Koninklijke Philips*, 2009 WL 4345724, at *15. |
| 7 | Obstruction of Justice | Delaware law does not appear to recognize a cause of action by this name, but the statute of limitations for crimes less than murder and class A felonies is no more than **5 years** from when the offense was committed. *See* 11 Del. C. § 205(b). |
| 8 | Breach of Contract | **3 years.** *GRT, Inc. v. Marathon GTF Technology, Ltd.*, No. 5571-CS, 2011 WL 2682898, at *6 (Del. Ch. July 11, 2011). |
| 9 | Tortious Interference | **3 years.** *WaveDivision Holdings, LLC v. Highland Capital Mgmt. L.P.*, No. 11-132, 2010 WL 1267126, at *4 (Del. Ch. Mar. 31, 2010). |

8

| 10 | Theft by Deception | Delaware law does not appear to recognize a cause of action by this name, but to the extent it is akin to conversion or fraud, the statute of limitations is **3 years**. *Clarkson v. Goldstein*, No. 04C-03-109 MMJ, 2007 WL 914635, at *4 (Del. Super. Ct. Feb. 28, 2007) ("Plaintiffs' claims for common law fraud, conversion, and violations of the DPTPA are subject to the 3-year statute of limitations"). |

Kennedy filed the original complaint against the Skadden Defendants and the Tennenbaum Defendants on December 26, 2012. The Court conducted the hearing on the sale to Tennenbaum on November 21, 2006, by which time Kennedy knew of Skadden's relationship with the Tennenbaum Defendants. See Memorandum Order Denying Motion to Vacate, at page 10, citing Fee Opinion and Order, 2013 WL 3228116, at *4. Kennedy was on notice at least by the Sale Hearing which was more than six years before Kennedy filed the original complaint. Kennedy's claims – all of them – are therefore time-barred.

2. Claim Preclusion

Kennedy is barred from relitigating issues which the Court has already decided. The doctrines of law of the case, *res judicata* and collateral estoppel apply.

The law of the case applies because of the ruling the Court made in the bankruptcy case in the Fee Opinion and Order, a ruling affirmed by the District Court and the Third Circuit. The law of the case doctrine bars re-litigating "matters once decided during the course of a single continuing lawsuit." *Casey v. Planned Parenthood*, 14 F.3d 848, 856 (3d Cir. 1994) (citation omitted). The Court conducted evidentiary hearings and held that: (a) the relationship between Skadden and the Tennenbaum Defendants was properly disclosed, (b) there was no conspiracy between the Skadden Defendants and the

9

Tennenbaum Defendants to compel a sale of Debtors' assets to Tennenbaum and (c) there was no wrongdoing by the Skadden Defendants or the Tennenbaum Defendants. The law of the case doctrine bars Kennedy from relitigating the already decided issues.

The doctrine of *res judicata* also applies. The elements of res judicata, i.e., claim preclusion, are "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit on the same cause of action." *Corestates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999). The Fee Opinion and Order is final, involves the same parties and adjudicated the same allegations that appear in the Complaint based on the same underlying events.

Finally, the doctrine of collateral estoppel, or issue preclusion, applies. The Court adjudicated the issue of the Skadden Defendants' and the Tennenbaum Defendants' alleged wrongdoing, finding there was no wrongdoing. *See also Hastings v. Kennedy*, 2014 WL 3109965, at *4 (E.D. Pa. July 8, 2014), in which the court denied discovery because Kennedy was collaterally estopped from litigating fraud by the Skadden Defendants and the Tennenbaum Defendants. The Court issued the Fee Opinion and Order following a contested, multi-day evidentiary hearing in which Kennedy incorporated the allegations of the Complaint. *See*, *e.g.*, May 1, 2013 Hearing Transcript, page 62. Kennedy was represented by counsel at the evidentiary hearing and in briefing. The Court rejected Kennedy's objection, including the allegations in the Complaint. In the Memorandum Order on the Motion to Vacate, the Court also addressed all of the points Kennedy made in the Complaint.

10

Accordingly, Kennedy is barred by the law of the case, *res judicata* and collateral estoppel from litigating the same issues already litigated and decided against him.

### 3. Kennedy's Standing

The Court has found that all of the allegations in the Complaint were adjudicated and decided against Kennedy in the Final Fee Opinion and Order. Moreover, Kennedy is a former shareholder of Debtors. His equity was cancelled under Debtors' Second Amended Plan of Liquidation. D.I. 1994. The claims Kennedy asserts are derivative claims – Kennedy cannot prevail without showing an injury to the corporation. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A. 2d 1031, 1036 (Del. 2004). Kennedy's allegations in the Complaint are that he was affected through Debtors as a shareholder. The claims Kennedy asserts are derivative and Kennedy lacks authority to make such claims since only the plan trustee may bring the claims. Therefore, Kennedy lacks standing to assert the claims in the Complaint.

### 4. Sanctions

The Skadden Defendants and the Tennenbaum Defendants have requested that the Court sanction Kennedy. In the Memorandum Order on the Motion to Vacate, the Court enjoined Kennedy from filing pleadings while the appeal to the Third Circuit was pending but at that time declined to consider further sanctions while the appeal was extant. The appeal was decided – against Kennedy – and the sanctions motions are now before the Court.

Bankruptcy Rule 9011 provides for imposition of sanctions against persons who present a pleading for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," or where claims are frivolous. 28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The test is therefore four parts, namely, a party must have "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the costs of the proceeding; and (4) doing so in bad faith or by intentional misconduct." *Claybrook v. AutoZone Tex. L.P.* (*In re Am. Remanufacturers, Inc.*), 453 B.R. 235, 237-38 (Bankr. D. Del. 2011). In dismissing the Complaint, the Court has held that the claims of Kennedy were already refuted, time-barred, and Kennedy did not have standing to assert the claims. Kennedy's conduct is sanctionable.

The Court is dismissing the Complaint and will enjoin Kennedy from filing further pleadings against the Skadden Defendants and the Tennenbaum Defendants. The Court will, however, deny the request to impose the fees and expenses of the Skadden Defendants. Kennedy is a pro se litigant and although he litigated beyond reason, the Court does not find that he pursued his case with intent to harass, or to cause delay or a needless increase in the cost of litigation. The burden on Kennedy was also great and barring Kennedy from further filings without the Court's permission will suffice as an appropriate sanction.

## CONCLUSION

The Court has found and explained that the allegations of the Complaint were already adjudicated and decided. In addition, Kennedy lacks standing to bring the claims. Accordingly, the Court will dismiss the Complaint with prejudice. The Court will also impose sanctions against Kennedy as explained above.


Dated: April 22, 2016

                                                              */s/ Kevin Gross*
                                                   KEVIN GROSS, U.S.B.J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Case No. 06-10894(KG) |
| | ) (Jointly Administered) |
| RADNOR HOLDINGS CORPORATION, *et al.*, | ) |
| | ) |
| Debtors, | ) |
| _____ | ) |
| MICHAEL T. KENNEDY, MTK TRUST | ) |
| FBO RYAN KENNEDY, MTK TRUST FBO SEAN M. | ) |
| KENNEDY, MTK TRUST FBO MICHAELA | ) |
| C. KENNEDY, MTK TRUST FBO | ) |
| CONNOR R. KENNEDY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adv. No. 12-51308(KG) |
| | ) |
| SKADDEN ARPS MEAGER & FLOM LLP; | ) |
| SK PRIVATE INVESTMENT FUND 1998 LLC; | ) |
| RICHARD T. PRINS, ESQUIRE; GREGG M. | ) |
| GALARDI, ESQUIRE; TENNENBAUM & CO. LLC; | ) |
| TENNENBAUM CAPITAL PARTNERS, LLC; | ) |
| BABSON & CO. LLC; SPECIAL VALUE | ) |
| EXPANSION FUND, LLC; SPECIAL VALUE | ) |
| OPPORTUNITIES FUND, LLC; MICHAEL E. | ) |
| TENNENBAUM; SUZANNE S. TENNENBAUM; | ) |
| DAVID A. HOLLANDER; MARK K. | ) |
| HOLDSWORTH; HOWARD M. LEVKOWITZ; | ) |
| RICHARD E. SPENCER; JOSE FELICIANO; | ) |
| ALVEREZ & MARSAL, INC. and STANFORD | ) |
| M. SPRINGEL, | ) |
| | ) |
| Defendants. | ) **Re: D.I. Nos. 29, 33, 110 & 112** |
| _____ | ) |

**ORDER**

The Defendants have moved to dismiss the Amended Complaint and for sanctions against plaintiff Michael T. Kennedy ("Kennedy"). For the reasons set forth in the accompanying Memorandum Opinion:

1. The Amended Complaint is dismissed with prejudice.

2. The Court enjoins Kennedy from filing any further pleadings against the Defendants without leave of the Court.

SO ORDERED.

Dated: April 22, 2016

_____
KEVIN GROSS, U.S.B.J.